UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ELVIN MEJIA,
*Individually and on Behalf of All Others
Similarly Situated*,
                            Plaintiffs,

                                                       **ORDER**
            -against-                      17 CV 4304 (CLP)

WILCOX DEVELOPMENT CORP., *et al.*,

                            Defendants.
------------------------------------------------------------ X
**POLLAK**, United States Magistrate Judge:

       On July 20, 2017, plaintiff Elvin Mejia filed this action on behalf of himself individually and all others similarly situated against Wilcox Development Corp., Stop & Stor New York's Self Storage Leader LLC, Neil Simon, and Jeff Henick (collectively, "defendants"), seeking damages based on a failure to pay proper overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), § 650 et seq.. (Compl.[1] ¶¶ 2, 4-5). In addition, the Complaint alleges violations of the NYLL based on defendants' failure to provide proper annual notice and wage statements. (Id. ¶ 3). The parties have consented to the undersigned for all proceedings.

       On July 13, 2018, the parties filed a joint letter for FLSA settlement approval. On August 29, 2018, the Court held a fairness hearing on the parties' motion. For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed July 20, 2017.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs in this case were employed by Wilcox Development Corp. as construction workers and laborers, assigned to perform work at various Stop & Stor facilities between December 13, 2014 and December 28, 2017. (Compl. ¶ 45; Ltr.[2] at 2). During this time, plaintiffs claim that they regularly worked more than forty hours in a week and were paid only straight time until September 2015, after which they began to be paid time and a half in overtime, with the exception of plaintiff Mejia, who continued to receive only straight time pay even when his hours exceeded 40 in a week. (Compl. ¶¶ 25, 49, 51, 54; Ltr. at 2-3). Plaintiffs claim that defendants did not properly pay all the wages due to them, and that they were never provided with proper wage notices or paystubs as required by the NYLL. (Id. ¶ 33; Ltr. at 1).

The proposed settlement is $165,000 for the seven employees who opted into the case,[3] and plaintiff Mejia. (Ltr. at 4). Of this total amount, $876.77 is being deducted for filing and service fees and mailing the 216(b) Notice. (Id.) The plaintiffs' attorneys are to receive one-third (33.3%) of the remaining total in fees, equal to $54,707.74. (Id. at 5). The remainder of the total is to be divided among the plaintiffs as follows: 1) Kamil Babulenko - $13,676.94 in back wages, plus $20,515.40 in liquidated damages and interest; 2) Elvin Mejia - $12,113.86 in back wages, plus $18,170.79 in liquidated damages and interest; 3) Jacek Cygert - $7,815.39 in back wages, plus $11,723.09 in liquidated damages and interest; 4) Jaron Waddell - $781.54 in back wages, plus $1,172.31 in liquidated damages and interest; 5) Peter Miranda - $3,126.16 in back wages, plus $4,689.24 in liquidated damages and interest; 6) Gino Alexander - $1,563.08 in

---

[2] Citations to "Ltr." refer to the Joint FLSA Settlement Fairness Letter, dated July 13, 2018.
[3] On January 18, 2018, notice of the collective action was sent to 46 potential members; seven opted-in to the collective class. (Ltr. at 2).

2

back wages, plus $2,344.62 in liquidated damages and interest; 7) Raheem Green - $1,563.08 in back wages, plus $2,344.62 in liquidated damages and interest; and 8) Nestor Rodriguez - $3,126.16 in back wages, plus $4,689.24 in liquidated damages and interest. (Sett. Arg.[4] at 2-3).

For the reasons set forth below, the Court approves the settlement agreement as fair and reasonable.

## DISCUSSION

1. <u>Legal Standards</u>

In considering whether to approve an FLSA settlement, courts "consider whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." <u>Le v. Sita Info. Networking Computing USA, Inc.</u>, No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

---

[4] Citations to "Sett. Agr." refer to the Settlement and Release Agreement, attached as Ex. A to the Joint FLSA Settlement Fairness Letter, dated July 13, 2018.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

2. Settlement Amount

   a. Damages Calculations

The parties propose a total settlement amount of $165,000. (Ltr. at 4). In reaching this settlement, plaintiffs acknowledge that there were a number of contested factual issues that, depending on how they were resolved, could adversely affect plaintiffs' ability to recover. Among the issues were plaintiffs' need to establish that they performed "off-the-clock" work, and the risk that the finder of fact could conclude that they had been properly compensated based on defendants' records. (Id. at 6). Furthermore, there were issues relating to the propriety of the wage statements and notices provided, and individualized issues that defendants argued would preclude the case proceeding as a collective or class action. (Id.) The parties contend that this distribution is fair and reasonable in light of the risks involved in this case. (Id.)

In analyzing the reasonableness of the total settlement amount, the Court considered that plaintiffs' best case total calculation of damages was $336,400.37, while defendants calculated total damages of $105,411.00. (Ltr. at 3). A settlement figure of $165,000 total, considering the amounts awarded to each of the plaintiffs, including liquidated damages and interest, is a reasonable and fair settlement under the circumstances. Moreover, plaintiffs' counsel will receive one third of the settlement in fees, which is not only reasonable in light of fees typically awarded in this district, but is also reasonable when considered in light of the plaintiffs'

4

counsel's lodestar amount. (See Ltr. at 5) (citing Hall v. ProSource Techs., LLC, No. 14-CV-2502 (SIL), 2016 WL 1555128 (E.D.N.Y. Apr. 11, 2016)).

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiffs' claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335. The Court also finds that the attorney's fees are also reasonable based on the contingency fee percentage supported by case law in this district, and the lodestar crosscheck. Moreover, the Court is sufficiently familiar with the proceedings in this action, having participated in settlement discussions with the parties, to assess the fairness of the settlement.

The parties shall file a stipulation of dismissal with prejudice by September 28, 2018.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:   Brooklyn, New York
         August 29, 2018

/s/ Cheryl L. Pollak
_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York